# Exhibit 1

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(a)

Benesch, Friedlander, Coplan & Aronoff LLP
Michael J. Barrie (NJ No. 033262000)
Kevin M. Capuzzi (NJ No. 173442015)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
mbarrie@beneschlaw.com
kcapuzzi@beneschlaw.com

*Counsel to 710 Route 38 ABL I Holdings, LLC*

| | |
|---|---|
| In re:<br><br>EVERGREEN I ASSOCIATES LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-17116 (CMG)<br><br>Judge: Christine M. Gravelle |
| In re:<br><br>EVERGREEN II ASSOCIATES LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-17118 (CMG)<br><br>Judge: Christine M. Gravelle |
| In re:<br><br>EVERGREEN III ASSOCIATES, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-17119 (CMG)<br><br>Judge: Christine M. Gravelle |
| In re:<br><br>EVERGREEN PLAZA ASSOCIATES LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-17120 (CMG)<br><br>Judge: Christine M. Gravelle<br><br>**Hearing Date: October 5, 2021** |

15012793

**[PROPOSED] ORDER GRANTING MOTION OF
710 ROUTE 38 ABL I HOLDINGS, LLC FOR ENTRY OF AN
ORDER DISMISSING THE DEBTORS' CHAPTER 11 CASES WITH PREJUDICE
OR, IN THE ALTERNATIVE, GRANTING RELIEF FROM THE AUTOMATIC STAY**

Recommended Local Form:         ☐ Followed            ☒ Modified

The relief set forth on the following pages, numbered three (3) through five (5), is hereby **ORDERED**.

DATED: _____        _____
                                                                   Judge, United States Bankruptcy Court

THIS MATTER, having come before the Court on the *Motion of 710 Route 38 ABL I Holdings, LLC* ("Lender") *for Entry of an Order Dismissing the Debtors' Chapter 11 Cases with Prejudice or, in the Alternative, Granting Relief from the Automatic Stay* (the "Motion"),[1] seeking the entry of an order, (i) under sections 105(a), 305(a), 349(a), and 1112(b) of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") granting dismissing the chapter 11 cases of the above-captioned debtors (the "Debtors") for cause and with prejudice, or, in the alternative, and (ii) granting relief from the automatic stay pursuant to sections 362(d)(1) and (d)(2) of the Bankruptcy Code.

Upon consideration of the Motion; and the Court having jurisdiction over the Motion pursuant to sections 157 and 1334 of title 28 of the United States Code; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors' estates, its creditor(s), and all parties-in-interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein, and after due deliberation and good and sufficient cause appearing therefor;

IT IS HEREBY FOUND, DETERMINED, AND ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. The above-captioned chapter 11 cases of the Debtors are DISMISSED WITH PREJUDICE against the Debtors from filing another case under any chapter of the Bankruptcy

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

Code for a period of six months from the date of this Order without first obtaining leave from this Court to file a new bankruptcy case on notice to Lender. Any discharge that was granted is vacated.

3.  All outstanding fees to the Court that are due and owing must be paid within 7 days of the date of this Order.

4.  Lender is granted relief from the automatic stay to exercise any rights, including cure rights, that it may have to protect its collateral and to exercise its state-law rights and remedies against its collateral comprised of the Real Property, including without limitation, (i) the right to continue to prosecute the Law Action in the Superior Court of New Jersey; (ii) the right to continue and complete the foreclosure sale of the Real Property in compliance with the terms and procedures for the sale that had been approved by the Superior Court of New Jersey, (iii) to transfer title to such Real Property, (iv) to apply the sale proceeds (if any) to the Debtors' obligations to Lender, provided further, however, and for the avoidance of doubt, to the extent permitted by the Loan Documents, that Lender may make payments on behalf of the Debtors to protect its collateral (the Real Property), and such payments shall be allowed as first-priority administrative expense claims against the Debtors.

5.  For the avoidance of doubt, the Receiver is permitted to maintain and operate the Real Property, and to exercise all powers and duties set forth in the Receiver Orders.

6.  The 14-day stay of the effectiveness of this Order under Bankruptcy Rule 4001(a)(3) is waived and this Order shall be immediately effective.

7.  The entry of this Order and the relief granted herein is without prejudice to Lender's right to seek additional adequate protection.

8.  The entry of this Order and the relief granted herein is without prejudice to Lender's right to seek other and further relief in connection with these chapter 11 cases.

9. Pursuant to Fed. R. Bankr. P. 2002(f), the Clerk shall notify all parties in interest of the entry of this order.

10. The Court shall retain jurisdiction over the interpretation and enforcement of this Order.

5