**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(a)

Benesch, Friedlander, Coplan & Aronoff LLP
Michael J. Barrie (NJ No. 033262000)
Kevin M. Capuzzi (NJ No. 173442015)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
mbarrie@beneschlaw.com
kcapuzzi@beneschlaw.com

*Counsel to 710 Route 38 ABL I Holdings, LLC*

In re:

EVERGREEN I ASSOCIATES, LLC, *et al.*,[1]

Debtors.

Chapter 11

Case No. 21-17116 (CMG)

(Jointly Administered)

Judge: Christine M. Gravelle

**Hearing Date: Oct. 19, 2021 at 10:00 a.m. (ET)**

### MOTION OF 710 ROUTE 38 ABL I HOLDINGS, LLC FOR ENTRY OF AN ORDER (I) AUTHORIZING PAYMENT OF PROPERTY TAX LIEN AND (II) FOR ADEQUATE PROTECTION

Secured lender and judgment creditor, 710 Route 38 ABL I Holdings, LLC ("Lender"),[2] by and through its undersigned counsel, hereby moves (this "Motion") this Court, pursuant to

---

[1] The Debtors in these chapter 11 cases and the last four digits of the Debtors' taxpayer identification numbers are as follows: Evergreen I Associates, LLC (5258), Evergreen II Associates, LLC (5300), Evergreen III Associates, LLC (5332), and Evergreen Plaza Associates, LLC (5141).

[2] Lender is the assignee and successor-in-interest to the original lender, Pender Capital Asset Based Lending Fund I, LP ("Pender"), under that certain Assignment of Mortgage and Other Recorded Loan Documents dated August 31, 2021 ("Assignment"). Unless expressly stated otherwise, references in this Motion to "Lender," shall refer, collectively, to 710 Route 38 ABL I Holdings, LLC and Pender.

sections 105(a), 361, 363(e), 364(d)(1), 503(b), and 507(b) of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, a proposed form of which is attached hereto as **Exhibit 1**, (i) authorizing Lender to pay a property tax lien on the Real Property of the Debtors (as defined herein) and (ii) granting Lender adequate protection for the Lender's payment of the tax lien in the form of (a) an increase in the amount of its judgment to include the tax payment and (b) a super priority claim pursuant to section 507(b) of the Bankruptcy Code in the amount of the tax payment. In support of this Motion, Lender respectfully states as follows:

## PRELIMINARY STATEMENT

1. On or about September 2, 2021—one week prior to the Petition Date (as defined below)—Lender received a Notice of Tax Sale (the "Notice of Tax Sale") which, among other things, stated that approximately $728,117.50 was due to redeem the Real Property from tax sale (the "Tax Lien"). A copy of the Notice of Tax Sale is annexed hereto as **Exhibit 2** and incorporated herein by reference. The Notice of Tax Sale provides that if redemption was not made within thirty (30) days from the date of the letter, a complaint would be filed to foreclose the right to redeem the Real Property from tax sale.

2. As the Court is aware, on September 9, 2021 (the "Petition Date"), the above-referenced debtors (collectively, the "Debtors") initiated these chapter 11 cases approximately *thirty minutes* before Lender was to conduct a court-ordered foreclosure auction, that was twice adjourned at Debtors' request, of the Debtors' only assets, consisting of Real Property defined below, that were pledged to secure approximately $6,500,000 of indebtedness (the "Loan") owed to Lender.

3. In response to the Debtors filing these chapter 11 cases, Lender filed the *Motion of 710 Route 38 ABL I Holdings, LLC for Entry of an Order Dismissing the Debtors' Chapter 11 Cases with Prejudice or, In The Alternative, Granting Relief from the Automatic Stay* (the "Motion to Dismiss") [Docket No. 11]. A hearing on the Motion to Dismiss is scheduled for October 5, 2021.

4. In the interim, Lender seeks authority to pay the Tax Lien to stop it from accruing interest at 18% and to avoid a potential tax sale. The amount due to satisfy the Tax Lien is $758,968.77, as of September 30, 2021, and continues to accrue interest at 18% (collectively through the date of payment, the "Tax Lien Payment").

5. As of the Petition Date, Lender was owed not less than $9,820,671.10 under the Foreclosure Judgment (in addition to the amounts accruing under the Note and other Loan Documents) (the "Judgment").[3] As adequate protection for making the Tax Lien Payment, Lender requests that it be granted (i) a super priority claim pursuant to section 507(b) of the Bankruptcy Code in the amount of the Tax Lien Payment (the "Super Priority Claim"), and (ii) an increase in the amount of Lender's total Judgment to include the Tax Lien Payment.

6. The Lender respectfully submits that permitting Lender to pay the Tax Lien is in the interests of all parties involved as it will satisfy the Tax Lien owed to Lumberton Municipality of Burlington County, New Jersey, and it will stop the accrual of 18% interest on the Tax Lien and

---

[3] The Judgment includes a principal balance of $8,591,437.90, plus costs of $7,500.00, with interest accruing from October 1, 2020 at $3,551.55 per day. The total accrued interest from October 1, 2020 to the Petition Date is $1,221,733.20. Thus, the total Judgment as of the Petition Date is not less than $9,820,671.10, plus continuing interest after the Petition Date of $3,551.55 per day. *See* D.I. 11, Beldock Declaration filed in support of Lender's Motion to Dismiss, at Exhibits N (Order on Amount Due) and O (Foreclosure Judgment).

avoid a potential tax sale, which would only further indebt the Debtors and their estates to the detriment of creditors.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion are proper under 28 U.S.C. §§ 1408 and 1409.

8. The statutory predicates for the relief sought herein are sections 105(a), 361, 363(e), 364(d)(1), 503(b), and 507(b) of the Bankruptcy Code and Rule 6003 of the Bankruptcy Rules.

**BACKGROUND**

9. Lender incorporates paragraphs 7-41 from its Motion to Dismiss as if set forth at length herein.

10. The subject real property consists primarily of a shopping center known as "Evergreen Plaza," comprised of approximately 90,000 square feet of commercial space including unoccupied space. The shopping center has approximately six tenants consisting of, among others, a Dollar Tree, a furniture store, a hardware store, restaurants, and a nail salon. Specifically, the Real Property is that certain tract, lot, and parcel of land situate and lying in the Townships of Mount Holly and Lumberton, Burlington County, known as (i) Lot 2 in Block 117.02 on the Township of Mount Holly Tax Map and Lot 4.01 in Block 22 on the Township of Lumberton Tax Map, and (ii) Lot 2.04 and Lot 2.05 in Block 117.02 on the Township of Mount Holly Tax Map and Lot 4.10 in Block 22.01 on the Township of Lumberton Tax Map, being commonly known as S. Pemberton Road and 1722 Route 38, Mt. Holly, NJ 08060 (the "Real Property").

11. In addition to the payment and maturity defaults by the Debtors cited in Lender's Motion to Dismiss, there are other events of default under the Mortgage, including (i) the failure

to pay real estate taxes when due and (ii) the imposition of the Tax Lien on the Real Property. *See* **Exhibit 2**.[4]

12. On or about September 2, 2021—one week prior to the Petition Date—Lender received the Notice of Tax Sale. *See* **Exhibit 2**. The Notice of Tax Sale provides that if redemption was not made within thirty (30) days from the date of the letter, a complaint would be filed to foreclose the right to redeem the Real Property from tax sale. The amount due to satisfy the Tax Lien is $758,968.77, as of September 30, 2021, and continues to accrue interest at 18%.

## RELIEF REQUESTED

13. Lender seeks entry of an order pursuant to section 105(a) of the Bankruptcy Code and Rule 6003 of the Bankruptcy Rules (i) authorizing Lender to make the Tax Lien Payment, and (ii) granting adequate protection to Lender, pursuant to sections 361, 363(e), 364(d)(1), 503(b), and 507(b) of the Bankruptcy Code, for making such Tax Lien Payment in the form of (a) an increase in the amount of its Judgment in the amount of the Tax Lien Payment and (b) the Super Priority Claim under section 507(b) of the Bankruptcy Code in the amount of the Tax Lien Payment.

## BASIS FOR THE RELIEF REQUESTED

14. Any failure to pay the Tax Lien could materially disrupt these chapter 11 cases and will result in the further accrual of 18% interest. In addition, the Tax Lien, if unsatisfied, will likely compel the holders of the Tax Lien to foreclose the right to redeem the Real Property from

---

[4] In addition to the Tax Lien, other outstanding taxes—which are not subject to the relief sought in this Motion—include: (a) real estate taxes due May 1, 2019 for the remaining portions of the Property in Lumberton and Mount Holly Townships totaling at least $5,115.36, plus accrued interest; (b) taxes owed to the State of New Jersey in amount not less than $79,900.00 as of the Petition Date (according to the Debtors' petitions); and (c) taxes owed to the Internal Revenue Service in amount not less than $28,560.00 as of the Petition Date (according to the Proofs of Claim filed by the IRS on September 24, 2021).

5

tax sale. This action threatens irreparable harm to the Lender's collateral and interests in the Real Property through no fault of its own, as it is the Debtors and their principals—including Nicholas Aynilian, who guaranteed the Loan—who failed to pay the Tax Lien (which was one of the many defaults leading to the Judgment). Accordingly, the Court should grant the Lender authority to make the Tax Lien Payment and provide Lender with adequate protection for doing so.

**I.    Section 105(a) of the Bankruptcy Code and the Doctrine of Necessity Provide Bases for Payment of the Tax Lien.**

15.    Pursuant to Section 105(a) of the Bankruptcy Code, "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. "The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy P 105.01 (16th 2021).

16.    The Third Circuit recognizes the "doctrine of necessity," under which courts allow the immediate payment of pre-petition claims where such payment is essential the debtor's continued operations. *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (recognizing that "if payment of a [prepetition] claim . . . is essential to the continued operation of the [debtor,] . . . payment may be authorized"); *In re Motor Coach Indus. Int'l, Inc.*, No. 09-078-SLR, 2009 WL 330993, at *2 n.5 (D. Del. Feb. 10, 2009) ("The 'doctrine of necessity' or 'necessity of payment' doctrine is a general rubric for the proposition that a court can authorize the payment of prepetition claims if such payment is essential to the continued operation of the debtor."); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (confirming that doctrine of necessity is standard in Third Circuit for enabling a court to authorize payment of prepetition claims prior to confirmation of a reorganization plan).

17. Lender's payment of the Tax Lien is justified under sections 105(a) of the Bankruptcy Code and the doctrine of necessity because such payment is essential to avoid continued harm to the Debtors' estates. Furthermore, payment of the Tax Lien does not prejudice the rights of other creditors and stops the accrual of 18% interest, which would only further harm the Debtors and continue to deprive the local taxing authorities of much needed tax revenue. The Debtors' liability to pay the Tax Lien will result in increased tax liability for the Debtors if interest and penalties continue to accrue on the Tax Lien. Such a result would be contrary to the best interests of the Debtors, their creditors, and the estates.

18. Thus, Lender submits that, subject to providing it with adequate protection in the form of the Super Priority Claim and the increase in its total Judgment to include the Tax Lien Payment, payment of the Tax Lien is appropriate, and in the best interests of all parties involved in these chapter 11 cases (assuming such cases are not dismissed on October 5, 2021, which Lender submits they should be).

## II. Bankruptcy Rule 6003 Also Permits Payment of the Tax Lien.

19. Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days after filing of the petition. Fed. R. Bankr. P. 6003(b).

20. The Tax Lien will need to be paid to avoid the harmful consequences noted above. The relief requested herein by the Lender is necessary to avoid irreparable and immediate harm to the Debtors, the estates, and the creditors in these cases. The accrual of 18% interest and penalties will cease through satisfaction of the Tax Lien by Lender.

**III. Lender is Entitled to Adequate Protection As Consideration for the Tax Lien Payment.**

21. As consideration of the Tax Lien payment, Lender requests that it be granted adequate protection in the form of the Super Priority Claim and the increase in its total Judgment to include the Tax Lien Payment.

22. Section 361 of the Bankruptcy Code provides, in pertinent part, as follows:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property[.]

11 U.S.C. § 361(1).

23. Section 363(e) of the Bankruptcy Code provides, in pertinent part, as follows:

> (e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.

11 U.S.C. § 363(e).

24. Section 364(d)(1) of the Bankruptcy Code provides, in pertinent part, as follows:

> The court . . . may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if—
>     (A) the trustee is unable to obtain such credit otherwise; and
>     (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

25. The purpose of the adequate protection doctrine is to prevent the impairment or decline in the value of a secured party's interest in its collateral, while enabling the debtor to use

the secured property in the ordinary course of its business during its attempt to reorganize its business. *Albion Prod. Credit Ass'n v. Langley (In re Langley)*, 30 B.R. 595, 602 (Bankr. N.D. Ind. 1983); *Ford Motor Credit Co. v. JKJ Chevrolet, Inc. (In re JKJ Chevrolet, Inc.),* No. CA-96-167-A, 1997 WL 407827 at *2 (4th Cir. July 21, 1997); *Travelers Life Ins. & Annuity Co. v. Ritz-Carlton of D.C., Inc. (In re Ritz-Carlton of D.C. Inc.).*, 98 B.R. 170, 173 (Bankr. S.D.N.Y. 1989); *In re 354 East 66th Street Realty Corp.*, 177 B.R. 776, 782 (Bankr. E.D.N.Y. 1995). Adequate protection is based on the policy of protecting the secured party's benefit of its bargain. *In re Gavia*, 24 B.R. 216, 217 (Bankr. E.D. Cal. 1982), *affirmed* 24 B.R. 573 (B.A.P. 9th Cir. 1982).

26. A secured party is entitled to adequate protection of its interest in collateral to ensure that its collateral is not impaired during the course of a bankruptcy proceeding. *See*, *e.g.*, *U.S. v. Booth Tow Servs., Inc.*, 64 B.R. 539, 543 (Bankr. W.D. Mo. 1985).

27. The secured party who requests adequate protection has the burden of proving the validity, priority, or extent of its interests in the debtor's property, while the debtor bears the burden of proving that the secured party's interest in the property is adequately protected. 11 U.S.C. § 363(p); *In re Ernst Home Center, Inc.*, 209 B.R. 955, 965 (Bankr. W.D. Wash. 1997); *In the Matter of Continental Airlines, Inc.*, 146 B.R. 536, 539 (Bankr. D. Del. 1992).

28. Here, Lender's burden under section 363(p) of the Bankruptcy Code is met by virtue of the valid and binding Loan Documents, as evidenced by the copies of the executed documents and related filings with the Office of the Burlington County Clerk attached to the Beldock Declaration filed in support of Lender's Motion to Dismiss. *See* [Docket No. 11]. As detailed in the Motion to Dismiss and above, Lender holds a perfected security interest in substantially all of the Debtors' assets, including the Real Property. Under section 363 of the Bankruptcy Code, Lender is entitled to adequate protection related to that security interest. And

Lender's security interest has been impaired by the Debtors' failure to satisfy the Tax Lien Payment.

29. Accordingly, as consideration for making the Tax Lien Payment, Lender requests adequate protection in the form of (a) the Super Priority Claim and (b) an increase in the amount of Lender's total Judgment to include the Tax Lien Payment, pursuant to sections 503(b) and 507(b) of the Bankruptcy Code. Lender assets that the foregoing is only effective form of adequate protection under the circumstances.

30. "[T]he requirement of adequate protection in Section 363(e) is mandatory. If adequate protection cannot be offered, such use . . . of the collateral must be prohibited." Lawrence P. King, *Collier on Bankruptcy* § 363.05. Having met the burden required under section 363(p) of the Bankruptcy Code, the grant of adequate protection is mandatory.

31. Lender is entitled to adequate protection of its interests in its collateral, including the Real Property, pursuant to Sections 361, 363(e), 364(d), 503(b), and 507(b) of the Bankruptcy Code.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, Lender respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit 1**: (i) authorizing Lender to satisfy the Tax Lien; (ii) providing Lender with adequate protection as consideration for making the Tax Lien Payment in the form of (a) the Super Priority Claim pursuant to section 507(b) of the Bankruptcy Code in the amount of the Tax Lien Payment and (b) an increase in the amount of Lender's total Judgment to include the Tax Lien Payment; and (iii) granting such other and further relief that is just and proper under the circumstances.

Dated: September 28, 2021

Respectfully submitted,

BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP

 /s/ Kevin M. Capuzzi
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
Michael J. Barrie (NJ No. 033262000)
Kevin M. Capuzzi (NJ No. 173442015)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
mbarrie@beneschlaw.com
kcapuzzi@beneschlaw.com

*Counsel for 710 Route 38 ABL I Holdings, LLC*