| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-1(a) | |
| Benesch, Friedlander, Coplan & Aronoff LLP<br>Michael J. Barrie (NJ No. 033262000)<br>Kevin M. Capuzzi (NJ No. 173442015)<br>Continental Plaza II<br>411 Hackensack Ave., 3rd Floor<br>Hackensack, NJ 07601-6323<br>Telephone: (302) 442-7010<br>Facsimile: (302) 442-7012<br>mbarrie@beneschlaw.com<br>kcapuzzi@beneschlaw.com<br><br>*Counsel to 710 Route 38 ABL I Holdings, LLC* | |
| In re:<br><br>EVERGREEN I ASSOCIATES LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-17116 (CMG)<br>(Jointly Administered)<br><br>Judge: Christine M. Gravelle<br><br>Hearing Date: 12/14/2021 at 2:00 p.m.<br><br>**Re: D.I. 116** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
710 ROUTE 38 ABL I HOLDINGS, LLC TO DEBTORS' MOTION FOR
ENTRY OF AN ORDER APPROVING, *INTER ALIA*, (I) DEBTORS' ENTRY INTO
COMMITMENT LETTER WITH URBAN BAY FOR POST-PETITION FINANCING,
(II) LETTER OF INTENT WITH PIONEER AND (III) NICHOLAS AYNILIAN'S
PLACEMENT OF FUNDS IN DEBTORS' COUNSEL'S TRUST ACCOUNT
<u>IN FURTHERANCE OF DEBTORS' PLAN OF REORGANIZATION (D.I. 116)</u>**

---

[1] The Debtors in these chapter 11 cases and the last four digits of the Debtors' taxpayer identification numbers are as follows: Evergreen I Associates, LLC (5258), Evergreen II Associates, LLC (5300), Evergreen III Associates, LLC (5332), and Evergreen Plaza Associates, LLC (5141).

Secured lender and judgment creditor, 710 Route 38 ABL I Holdings, LLC ("Lender"),[2] by and through its undersigned counsel, hereby files this limited objection and reservation of rights (this "Limited Objection") to the *Debtors' Motion for Entry of an Order Approving, Inter Alia, (I) Debtors' Entry Into Commitment Letter with Urban Bay for Post-Petition Financing, (II) Letter of Intent with Pioneer and (III) Nicholas Aynilian's Placement of Funds in Debtors' Counsel's Trust Account in Furtherance of Debtors' Plan of Reorganization* (D.I. 116) (the "DIP Commitment Motion") and respectfully states as follows:

1. The Debtors originally moved for authorization to enter into a DIP term sheet with Urban Bay [D.I. 21] on September 16, 2021—on essentially the same terms as in the Urban Bay Commitment Letter—providing for approximately $8 million in financing (of which Debtors expect to receive approximately $7,500,000, after various costs under the proposed loan (*see* DIP Commitment Motion ¶ 24)) to repay over $10 million in secured debt.[3] In the nearly three months that have followed, the Debtors have only been able to provide a non-binding letter of intent from Pioneer for $3,000,000, plus $300,000 from Mr. Aynilian (or one or more of his affiliated insider entities) to attempt to make up the difference for a total of approximately $10,800,000 in proposed financing. Notably, the financing proposed in the DIP Commitment Motion does not even cover

---

[2] Lender is the assignee and successor-in-interest to the original lender, Pender Capital Asset Based Lending Fund I, LP ("Pender"), under that certain Assignment of Mortgage and Other Recorded Loan Documents dated August 31, 2021 ("Assignment"). Unless expressly stated otherwise, references in this Limited Objection and Reservation of Rights to "Lender," shall refer, collectively, to 710 Route 38 ABL I Holdings, LLC and Pender.

[3] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the DIP Commitment Motion.

the face amounts of Lender's secured claim[4] and the outstanding Tax Debt which, as stated in the DIP Commitment Motion, total $10,912,538.65.[5]  *See* DIP Commitment Motion ¶¶ 10, 18.

2. Even now, the Debtors do not anticipate closing on any financing before January 28, 2022.  *See* DIP Commitment Motion at pp.10, 12.

3. Notwithstanding the above, Lender does not oppose the Debtors' entry into the Urban Bay Commitment Letter or the non-binding Pioneer Letter of Intent (collectively, the "DIP Letters"), or the transfer of $300,000 from Mr. Aynilian into Debtors' counsel's trust account; provided that, the terms of the DIP Letters and any additional financing provided by Mr. Aynilian are subject to: (i) the rights of, and any subsequent objections by, Lender; and (ii) final approval by this Court under Section 364 of the Bankruptcy Code.

4. For the avoidance of doubt, Lender opposes and reserves all rights to object to any subsequent motion to approve DIP financing,[6] which relief may be granted only pursuant to Section 364 of the Bankruptcy Code.  The DIP Commitment Motion seeks approval to enter into the DIP Letters and to receive funds from Mr. Aynilian under Sections 105(a) and 362(b)(1) of the Bankruptcy Code.  *See* DIP Commitment Motion ¶ 28.  However, only Section 364 of the Bankruptcy Code allows the Debtors to obtain post-petition financing such as the superpriority priming loan sought in the Urban Bay Commitment Letter and Pioneer Letter of Intent that seek

---

[4] The Debtors have filed a motion [D.I. 103] (the "Claim Objection Motion") to reduce the amount of Lender's Claim to $8,917,763.12 which should be denied for the reasons stated in Lender's opposition filed on December 7, 2021 [D.I. 123]. The Claim Objection Motion is scheduled to be heard contemporaneously with the DIP Commitment Motion on December 14, 2021.

[5] Lender reserves all rights regarding the total amount, including, without limitation, post-petition interest, that must be paid to satisfy the Tax Debt and Lender's secured claim.

[6] *See* DIP Commitment Motion at p.4 ("Ultimately, the Debtors intend to file a motion pursuant to 11 U.S.C. § 364 for such approval to implement their post-petition financing.").

the approval of first and second priority liens, respectively, on Lender's collateral. *See* 11 U.S.C. § 364(d); *see also In re Swedeland Dev. Grp., Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) ("Section 364(d)(1) of the Code provides that the bankruptcy court may authorize post-petition financing supported by a superpriority lien only if 'there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.'"). Such relief cannot be granted under Sections 105 or 363 of the Bankruptcy Code and Lender reserves all rights in that regard.

5. Lender further objects to the extent that the DIP Commitment Motion requires any funds of the Debtors to be expended to cover the fees, costs, or expenses of the proposed DIP lenders before Lender's senior secured claim is paid in full. *See, e.g.*, DIP Commitment Motion at p.11 (requiring the Debtors to pay "reasonable out-of-pocket costs and expenses, including all legal …, environmental, accounting and other costs and fees) incurred by [Urban Bay] in connection with the evaluation and/or documentation of this Commitment and the Loan shall be payable by the Debtors upon demand by [Urban Bay], *whether or not the Loan closes*.") (emphasis added).[7]

6. Lender further reserves all rights including, without limitation, to seek adequate protection and/or relief from the automatic stay on shortened notice. In particular, Lender notes that, per the DIP Commitment Motion, the Tax Debt currently totals $1,091.867.55, and accrues interest at $363.32 per day. *See* DIP Commitment Motion ¶¶ 13-18. Thus, Lender's collateral is not adequately protected and continues to be impaired by, *inter alia*, the accruing tax debt.

---

[7] Although the DIP Commitment Motion notes that Mr. Aynilian has paid Urban Bay a "good faith deposit of $25,000, (DIP Commitment Motion at p.11) there is no indication in the DIP Commitment Motion how much of the $25,000 has already been utilized or the total anticipated costs of Urban Bay.

4

WHEREFORE, Lender respectfully requests that the Court condition any grant of the DIP Commitment Motion on (i) final approval by the Court pursuant to a subsequent motion filed by the Debtors seeking relief under Section 364 of the Bankruptcy Code and subject to Lender's objections; (ii) that any fees, costs, or expenses of the proposed DIP lenders not be paid with estate funds; and (iii) such other and further relief as the Court deems just and proper.

Dated: December 10, 2021

Respectfully submitted,

BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP

 /s/ Kevin M. Capuzzi
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
Michael J. Barrie (NJ No. 033262000)
Kevin M. Capuzzi (NJ No. 173442015)
Continental Plaza II
411 Hackensack Ave., 3rd Floor
Hackensack, NJ 07601-6323
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
mbarrie@beneschlaw.com
kcapuzzi@beneschlaw.com

*Counsel for 710 Route 38 ABL I Holdings, LLC*