# McGrail & Bensinger LLP

888-C 8th Avenue #107, New York, NY 10019

December 17, 2021

**VIA CM/ECF**
Christine M. Gravelle, U.S.B.J.
United States Bankruptcy Court
 for the District of New Jersey
Clarkson S. Fisher Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    EVERGREEN I ASSOCIATES, LLC, et al. ("Debtors")
              Case No.  21-17116 (CMG)

Dear Judge Gravelle:

     As Your Honor is aware, this firm represents Nicholas J. Aynilian, Sr. ("NJA") with respect to the above-referenced matter.  I am writing in connection with the hearings held on December 14, 2021, during which I am advised that Your Honor raised the issue of whether NJA should be required to pay personally the 4th quarter 2021 real estate taxes ("Real Estate Tax Issue") for the real property owned by the Debtors, a shopping center known as "Evergreen Plaza" ("Property") from the "Aynilian Funding."  I understand Your Honor intends to further consider this issue at the hearing scheduled for December 21, 2021.

     Respectfully, the procedural posture of the Real Estate Tax Issue is perplexing.  There is no motion pending before the Court for relief related to the Real Estate Tax Issue; to the extent a motion is filed, NJA would and should be entitled to 21 days' notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure.  To the extent the Real Estate Tax Issue somehow relates to the motion of 710 Route 38 ABL I Holdings, LLC ("Lender") to dismiss the Debtors' Chapter 11 bankruptcy proceedings ("Motion to Dismiss"), which is rescheduled for hearing on January 4, 2021, that issue was not raised or briefed in the Motion to Dismiss.[1]  Further, I am unaware that the Lender has filed a motion for adequate protection, on notice, which would allow for the Debtors and NJA to respond properly.  Accordingly, while NJA will appear at the December 21, 2021, hearing through the undersigned, he will be asking the Court for the Real Estate Tax Issue to be presented in a more formal and proper procedural context.

---

[1] The Motion to Dismiss mentions alleged defaults for non-payment of pre-petition real estate taxes, but that reference is different than the Real Estate Tax Issue.

This procedural/due process position of NJA notwithstanding, NJA also wishes to preview with the Court some of his substantive objections to any contemplated requirement for him to pay the 4th quarter real estate taxes for the Property:

1. It is highly inappropriate and unusual for a debtor's principal to be compelled to pay any corporate expenses. There is no basis here to deviate from this precept. While NJA has voluntarily advanced certain amount on behalf of the Debtors in connection with the proposed financing these cases and intends to make a further contribution in connection with the proposed chapter 11 plan, his willingness to do so should not be confused with an obligation.

2. As the Court amply is aware, the Receiver is the fiduciary currently delegated with authority to collect all rents generated by the Property and to pay associated expenses. Indeed, the payment of real estate taxes is expressly contemplated in Paragraph 13 of the Amended Receiver Order, a copy of which is attached as **Exhibit A**. That paragraph provides, in pertinent part, as follows:

   > 13. The Rent Receiver is instructed to make the following disbursements, as and when incurred from the rents, income, and profits received by the Rent Receiver which are deemed to be necessary expenses of the Property, business assets and business operation: All general costs of operations, including real estate taxes …. Thereafter, the remaining balance collected by the Rent Receiver may be paid to Plaintiff, to be applied against the indebtedness due to Plaintiff by Defendants; provided, however, that disbursements shall be made to Plaintiff only after payment [of] general costs of operation, current operating expenses, a reasonable reserve for … payment of real estate taxes…

3. This begs the question: why is the Receiver not paying real estate taxes as they come due? In this regard, attached as **Exhibit B** is the November 2021 report filed by the Receiver in the foreclosure action. There, the Court can see that the Receiver has on hand approximately $228,000.00. Accordingly, there exist ample funds for the Receiver to pay the 4th quarter taxes and, to the extent the Lender insists on payment of same, the Receiver should be directed to so do.

4. I understand that under New Jersey law, neither the Debtor nor NJA could pay the 4th quarter real estate taxes even if they wanted to do so, as any tax payment would be applied to the oldest outstanding real estate taxes (now held by a tax certificate holder).

NJA reserves his rights to raise any additional arguments at the December 21, 2021, hearing and at any other hearing where the Real Estate Tax Issue might be presented to the Court in a procedurally correct way.

As always, the Court's attention to this matter is greatly appreciated.

Respectfully submitted,

McGRAIL & BENSINGER LLP

*/s/ Ilana Volkov*

Ilana Volkov

cc: Joseph L. Shwartz, Esq.
Tara J. Schellhorn, Esq.
Michael J. Barrie, Esq.
Kevin M. Capuzzi, Esq.
Lauren Bilskie, Esq.