

**Joseph L. Schwartz**
Partner

Direct:
t: 973.451.8506
f: 973.451.8727
jschwartz@riker.com

Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981

December 20, 2021

**Via ECF and E-Mail**

Honorable Christine M. Gravelle, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
402 East State Street
Trenton, NJ 08608
chambers_of_cmg@njb.uscourts.gov

Re:   **In re Evergreen I Associates, LLC,** *et al.*
      **Case No. 21-17116 (CMG) (Jointly Administered)**

Dear Judge Gravelle:

As you know, we represent Evergreen I Associates, LLC, Evergreen II Associates, LLC, Evergreen III Associates, LLC, and Evergreen Plaza Associates, LLC, the debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") in the above-captioned case.

We write to provide the Court with an update following our December 15th conference call with the Court.

First, with respect to settlement negotiations, the Lender[1] advised the Debtors last Friday morning (12/17) in writing that it would need "to evaluate whether it makes sense to try and seek a consensual resolution." However, after the Law Division entered its Summary Judgment Order on its docket on Friday afternoon, the Lender appeared to change course over the weekend, and made a settlement proposal to the Debtors. The Debtors are responding to that proposal today. As a result, the Debtors do not have any objection to the Court's temporarily refraining from ruling on the Claims Objection Motion until such time as global settlement discussions reach a clear impasse, provided that the Lender temporarily stands down and, among other things, agrees not to take any steps to enforce its recently-obtained judgment against Mr. Aynilian, file any pleadings in this Court or in any other court or otherwise take any other steps to prejudice the Debtors or Mr. Aynilian while settlement discussions are ongoing.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Claims Objection Motion (defined herein).

It is important to put the foregoing in context. As the Court may recall, during the December 15 call with the Court, I advised the Court that the Superior Court of New Jersey, Law Division (the "Law Division") had conducted a hearing earlier that day (December 15) to rule on the pending summary judgment motions that had previously been filed in the action that had previously been filed against the Debtors and Mr. Aynilian by Pender Capital Asset Based Lending Fund I, LLP (the "Lender") to, among other things, fix the Lender's claims against the Debtors on the promissory note and against Mr. Aynilian on the guaranty of the Debtors' obligations under that promissory note and enter judgment thereon(the "Law Division Action"). At that December 15 hearing, we appeared, objected to the Lender's summary judgment motion and contended that any determination by the Law Division in the Law Division Action would potentially interfere with the Debtors' reorganization efforts by, among other things, (i) resulting in the potential entry of judgment against Mr. Aynilian, who would be guaranteeing the post-petition financing that the Debtors are procuring, thereby potentially jeopardizing that financing, (ii) jeopardizing Mr. Aynilian's ability to make a contribution under the Plan, and (iii) effectively fixing the liability of both the Debtors and Mr. Aynilian, which is exactly what the Debtors have requested this Court to do, and which would violate the automatic stay. Notwithstanding our arguments, in response to the Lender's arguments to the contrary, the Law Division overruled our objections and advised that it would issue a ruling on the pending summary judgment motions.

During our telephone conference with Your Honor on December 15, the parties agreed to engage in global settlement discussions and to have the Court temporarily refrain from ruling on our pending motion and objection to the Lender's proofs of claim and to reduce and fix those claims (the "Claim Objection Motion") [Docket No. 103]. Accordingly, on December 16, we wrote to the Law Division and requested that the Law Division similarly temporarily refrain from issuing a ruling on the pending summary motions while the parties engage in global settlement discussions. Unfortunately, the Lender opposed that that request.

Thereafter, on December 17,[2] the Law Division issued its written Order and Statement of Reasons granting the Lender's motion for summary judgment and entering judgment against Mr. Aynilian, as guarantor, in the amount of $8,750,132.76.[3] A true copy of the Law Division's Order Granting Plaintiff's Motion for Summary Judgment (the "Law Division's Summary Judgment Order"), along with the Law Division's Statement of Reasons (the "Law Division's Statement of Reasons") in support of the Law Division's Summary Judgment Order, is attached as Exhibit A.

As set forth in detail in the Law Division's Statement of Reasons, in interpreting the State Court's decision in the Foreclosure Action (which we briefed extensively in the Claim Objection Motion), the Law Division expressly held that post-judgment interest on the Lender's claim against Mr. Aynilian shall run at the **legal rate, or lawful rate, of interest pursuant to New**

---

[2] The ruling of the Law Division is dated December 16 but was posted on the Law Division's docket on Friday, December 17.

[3] The Law Division also entered a separate order dismissing, without prejudice, the Lender's claims against the Debtors, and the Debtors' cross-claims, due to the automatic stay being in effect.

**Jersey Court Rule 4:42-11(a), from November 13, 2020, the date the Foreclosure Judgment was entered, and not the default rate, or contract rate, of interest**, as the Lender argued. See Law Division's Statement of Reasons, pages 6–7. This is precisely the issue that we had previously argued before this Court, i.e. that the reference by the State Court in the Foreclosure Action to post-judgment "lawful interest" meant post-judgment interest at the rate prescribed by R. 4:42-11(a), rather than at the default rate, or contract rate, as the Lender argues. See Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 243-44, 246-47, 260-66 (App. Div. 1997); Shadow Lawn Sav. & Loan Ass'n v. Palmarozza,190 N.J. Super. 314, 318 (App. Div. 1983); In re Rabinowitz, No. 10-12538 DHS, 2012 WL 1999535 (Bankr. D.N.J. June 4, 2012). This is particularly true in light of the fact that nowhere in its Final Judgment Motion or in any other pleadings filed with either the State Court or the Law Division did the Lender make a request for an award of post-judgment interest at the default rate, or the contract rate, and nowhere in its pleading did the Lender ever refer to or even mention paragraph 55 of its Mortgage or raise the issue of the non-merger of the Mortgage into a foreclosure judgment.

It is now apparent that two different courts (the court in the Foreclosure Action and the court in the Law Division Action) have agreed with the Debtors and have determined that post-judgment "lawful interest" meant post-judgment interest at the legal rate under R. 4:42-11(a), rather than at the default rate, or contract rate, as has been argued by the Lender. Therefore, under the Rooker-Feldman doctrine, the principle of *res judicata* and/or the entire controversy doctrine, the Debtors respectfully submit that this Court is bound to calculate post-judgment interest at the legal rate under R. 4:42-11(a). However, the Debtors made an error in their prior calculation in that they incorrectly applied post-judgment interest at the interest rate of 4.5%, rather than at 2.5% per annum for calendar year 2020 and 1.5% per annum for calendar year 2021, which the Law Division corrected. See Law Division's Statement of Reasons at 6-7.

The Law Division's Summary Judgment Order, as explained by the Law Division's Statement of Reasons, unequivocally supports the Debtors' position with respect to the Claim Objection Motion regarding the value of the Lender's claim against the Debtors in these bankruptcy cases. As a result, in the event that this Court is ultimately requested to rule on the issue, the Debtors respectfully request that this Court adopt the Law Division's Summary Judgment Order in connection with the Court's determination of the Claims Objection Motion. Based upon the Law Division's calculations, as of the Petition Date, the Lender's claim against the Debtors is $8,715,503.48,[4] **not** $9,820,671.10, which applied the contract default rate of interest, as claimed by the Lender throughout these cases.

Finally, although Mr. Aynilian remains willing to make a financial contribution in connection with the Plan, in light of the Law Division Court's entry of judgment against him, Mr. Aynilian is

---

[4] This amount is the sum of the following figures: (i) interest in the amount of $28,269.12 for the period November 13, 2020 through December 31, 2020, as set forth in the Statement of Reasons, (ii) interest in the amount of $88,693.36 for the period January 1, 2021 through September 9, 2021, the Petition Date ($353.36 per diem interest for 2021 as set forth in the Statement of Reasons x 251 days); and (iii) $8,598,541, the amount of the corrected Final Judgment of Foreclosure, as set forth in the Statement of Reasons.

unwilling at this time to transfer to Riker Danzig's trust account the $300,000 out of concern that the Lender will attempt to levy on those funds if they are so transferred. Mr. Aynilian's personal counsel plans to appear at the hearing before Your Honor on December 21, 2021 and can address any questions at that time.

We look forward to discussing these matters with the Court at tomorrow's telephonic hearing.

Respectfully submitted,

/s/ Joseph L. Schwartz

Joseph L. Schwartz

cc: Michael J. Barrie, Esq. (w/attachment)
    Kevin M. Capuzzi, Esq. (w/attachment)
    Lauren Bielskie, Esq. (w/attachment)
    Ilana Volkov, Esq. (w/attachment)

Enclosure

5326359v1

# EXHIBIT A

BURLINGTON COUNTY SUPERIOR COURT

DEC 16 2021

James J. Ferrelli, J.S.C.

PREPARED BY THE COURT

| | |
|---|---|
| PENDER CAPITAL ASSET BASED LENDING FUND I, LLP<br><br>Plaintiff,<br><br>vs.<br><br>EVERGREEN PLAZA ASSOCIATES LLC, EVERGREEN I ASSOCIATES LLC, EVERGREEN II ASSOCIATES LLC, EVERGREEN III ASSOCIATES LLC, and NICHOLAS J. AYNILIAN,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:<br>BURLINGTON COUNTY<br>DOCKET NO. BUR-L-001037-19<br><br>CIVIL ACTION<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT NICHOLAS J. AYNILIAN IN PART, AND DENYING DEFENDANT AYNILIAN'S CROSS-MOTION TO REOPEN DISCOVERY** |

**THIS MATTER** having been opened to the Court by Benesch, Friedlander, Coplan & Aronoff LLP, attorneys for Plaintiff Pender Capital Asset Based Lending Fund I, LLP ("Plaintiff Pender") on Plaintiff's Motion for Summary Judgment, and by Riker Danzig Scherer Hyland Perretti LLP, attorneys for defendants Evergreen Plaza Associates LLC, Evergreen I Associates LLC, Evergreen II Associates LLC, and Evergreen III Associates LLC (collectively, "Evergreen Defendants"), and Nicholas J. Aynilian ("Defendant Aynilian") on their Notice of Cross-Motion to Reopen Discovery and Adjourn Trial Date; and the Court having reviewed all motion, opposition, and supplemental papers submitted by the parties, including Mr. Daniels' December 16, 2021 letter to the Court, together with all pleadings and all materials of record in this action; and having heard and considered the oral argument of counsel on the record on December 4, 2020 and January 22, 2021; and the Court having been advised on December 14, 2021 that the Evergreen Defendants are presently all debtors in reorganization proceedings under Chapter 11 of Title 11, United States Code, §§ 101 *et seq*. (the "Bankruptcy Code"), pending in the United

States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), jointly administered under Case No. 21-17116 (CMG) (the "Chapter 11 Case"), and therefore the "automatic stay" provisions of section 362(a) of the Bankruptcy Code prohibit further proceedings against the Evergreen Defendants in this action, and accordingly, the Court has dismissed without prejudice the claims against and counterclaims of the Evergreen Defendants by separate Order dated December 16, 2021; and the Court finding that the "automatic stay" provisions of section 362(a) of the Bankruptcy Code do not prohibit continued proceedings against Defendant Aynilian; and, for the reasons stated at length on the record in the presence of counsel of record on December 15, 2021, the Court finding that there are no genuine issues as to any material fact and that Plaintiff Pender is entitled to entry of judgment in its favor and against Defendant Aynilian as a matter of law on Plaintiff Pender's affirmative claims, and that there are no genuine issues as to any material fact and that Plaintiff Pender is entitled to entry of judgment in its favor and against Defendant Aynilian dismissing the Counterclaims asserted by Defendant Aynilian as a matter of law; and, for the reasons stated at length on the record in the presence of counsel of record on December 15, 2021, the Court finding that Defendant Aynilian has failed to demonstrate exceptional circumstances pursuant to R. 4:24-1(c) to reopen the discovery period, which closed on June 15, 2020; and, with respect to the calculation of interest in this matter, for the reasons set forth on the attached Statement of Reasons; and for good cause and in the interest of justice;

**IT IS**, on this 16th day of December, 2021, **ORDERED**:

1. Plaintiff Pender's Motion for Summary Judgment against Defendant Aynilian is **GRANTED**, and Summary Judgment is hereby entered in favor of Plaintiff and against Defendant Nicholas J. Aynilian on all counts of the Plaintiff's Complaint.

2.  Judgment is entered in favor of Plaintiff and against Defendant Nicholas J. Aynilian in the amount of $8,750,132.76 based upon the analysis set forth in the attached Statement of Reasons. Post judgment interest shall run at the legal rate pursuant to R. 4:42-11(a).

3.  All counterclaims of Defendant Nicholas J. Aynilian are **DISMISSED WITH PREJUDICE**.

4.  Inasmuch as this Order is final and disposes of all issues herein, any applications seeking to alter or amend this Order, including but not limited to applications for counsel fees and expenses (notwithstanding the Court's reference on the record on December 15, 2021 to a January 31, 2022 filing date) or other applications, shall be made within 20 days of the date of this Order per R. 4:49-2.

5.  A copy of this Order shall be served upon all parties by Plaintiff's counsel within seven (7) calendar days from entry hereof.

/s/ James J. Ferrelli
HONORABLE JAMES J. FERRELLI, J.S.C.

Opposed     __X__
Unopposed   _____

STATEMENT OF REASONS

The Supreme Court decision in First Union National Bank v. Penn Salem Marina, Inc., dictates that in a situation such as this, where there are separate actions involving collection of a commercial debt secured by a mortgage on real property consisting of a Law Division action to collect on a note and a separate Chancery Division mortgage foreclosure action to foreclose on the mortgage,

> to the extent the note and mortgage provide for the same categories of damages, the amount determined in the first action is binding in the subsequent action. Except for amounts accruing after the first judgment and for different categories of damages, the amount of the judgment entered in each action should be identical.

190 N.J. 342, 355 (2007). Therefore, the starting point for calculating damages and interest as against the guarantor, Defendant Nicholas J. Aynilian ("Defendant Aynilian") is the November 10, 2020 determination of the Honorable Kathi F. Fiamingo, J.T.C. t/a in the parties' parallel mortgage foreclosure action, in the Chancery Division, captioned as Pender Capital Asset Based Lending Fund I, LP v. Evergreen Plaza Associates, LLC, Docket No. F-2953 (the "Foreclosure Action").

In the Foreclosure Action, Judge Fiamingo determined that the Final Judgment amount would be comprised of $6,392,791.61 in principal amount, plus accrued interest of $2,195,094.74 from the date of default to the date of her November 10, 2020 Order, plus per diem interest in the amount of $3,551.55 running to the date of entry of the Final Judgment in Foreclosure. The Final Judgment of Foreclosure thereafter entered judgment in the amount of $8,591,437.90 on November 13, 2021, but this figure apparently includes a clerical mistake of including only one day of interest at $3,551.55, rather than 3 days of interest totaling $10,654.65 for the period November 10 to 13, 2020. Accordingly, the Court will correct this clerical error

*sua sponte*, see R. 1:13-1, and include three days of per diem interest as determined by Judge Fiamingo. The total of the foregoing figures is $6,392,791.61 + $2,195,094.74 + $10,654.65 = $8,598,541. Pursuant to First Union, this amount was determined in the Foreclosure Action, and this prior determination is binding in this action with respect to the "same categories of damages."

This determination in the Foreclosure Action established the amount of indebtedness owed by the Borrowers (i.e., the Evergreen Defendants who were Defendants in the Foreclosure Action and were defendants in this action and the primary obligors under the parties' loan documents) to the Plaintiff. Notwithstanding the clerical error referenced above, it is clear from Judge Fiamingo's November 10, 2020 Order and Opinion, as well as the November 13, 2020 Final Judgment of Foreclosure, that the per diem interest calculation of $3,551.55 was intended to cover only the period between the November 10, 2020 Order and the entry of the Final Judgment of Foreclosure on November 13, 2020, and nothing more. Thereafter, as expressly stated in the November 13, 2020 Final Judgment of Foreclosure, post-judgment interest would run at the legal rate. First Union dictates that this determination binds the Court in this action which, at this point, only involves the liability of the Evergreen Defendants' Managing Member, Defendant Aynilian, as guarantor on the parties' loan documents.

Although given the opportunity to do so with respect to the impact of Judge Fiamingo's ruling on this Court, see this Court's Order dated December 7, 2020, neither side has briefed the issue of what interest rate should apply subsequent to the determination of total indebtedness on November 13, 2020 in the Foreclosure Action. Following this Court's oral opinion on the record on December 15, 2021, both counsel briefly addressed the interest issue and referred the Court to

the First Union case as the controlling case.  The Court agrees that First Union is controlling of this issue, and accordingly, applies First Union to resolve the question presented.

The controlling principle and core holding of First Union is that this Court, as the second court addressing the indebtedness issue following a prior determination in a related and parallel mortgage foreclosure proceeding, is bound by the determination in the Foreclosure Action, "except for amounts accruing after the first judgment and for different categories of damages." 190 N.J. at 355.  Here, the interest accruing following the November 13, 2020 Final Judgment of Foreclosure is not a different category of damages from what was determined in the Foreclosure Action.  The Court in the Foreclosure Action specifically determined the rate of interest that would apply following its indebtedness determination, and included in its November 13, 2020 Order reference to "lawful interest," which refers to the legal rate of interest.  Therefore, under First Union, principles of collateral estoppel apply to bind the parties – and specifically the Plaintiff, who was a party in the Foreclosure Action and who seeks to impose a higher interest rate in this action prior to the entry of final judgment against Defendant Aynilian -- to this interest rate determination.

The legal rate of interest is set pursuant to R. 4:42-11(a) as simple interest calculated with reference to the rate of return for the preceding fiscal year of the State of New Jersey Cash Management Fund (State accounts) as reported by the Division of Investment in the Department of the Treasury.  For calendar years 2020 and 2021, the applicable rates are 2.5% per annum and 1.5% per annum respectively.  See PRESSLER & VERNIERO, Current N.J. COURT RULES, (GANN 2021), Publisher's Note R. 4:42-11.

Therefore, based upon the foregoing, interest for the period November 13, 2020 through December 31, 2020 (48 days) is calculated as follows:  $8,598,541 x 2.5% = $214,963.53

(annual interest for 2020); $214,963.53 divided by 365 days = $588.94 (per diem interest for 2020) x 48 days = $28,269.12 = interest for the period 11/13 through 12/31/2020.  Further, interest for the period January 1, 2021 through December 16, 2021 (349 days) is calculated as follows:  $8,598,541 x 1.5% = $128,978.12 (annual interest for 2021); $128,978 divided by 365 days = $353.36 (per diem interest for 2021) x 349 days = $123,322.64 = interest for the period 1/1 through 12/16/2021.

In accordance with First Union, the foregoing interest totals for the period November 13, 2020 through December 16, 2021 constitute the "amounts accruing after the first judgment" (i.e., the Final Judgment of Foreclosure), and these sums ($28,269.12 (for 11/13 – 12/31/2020) + $123,322.64 (for 1/1 – 12/16/2021) = 151,591.76) will be added to the $8,598,541 determined to be the indebtedness in the Foreclosure Action to arrive at the judgment amount in this matter. Based upon the foregoing analysis, the final judgment amount to be entered against Defendant Aynilian individually pursuant to the loan documents is $8,750,132.76.